## Bordow Co. v. Mid-Valley Silk Co. et al.

*Delaney, Delaney & Delaney* and *Stanley F. Coar*, for plaintiff.

*C. Carey* and *Harry Needle*, for defendants.

HOBAN, J., February 15, 1939.—This is an action of replevin brought by Bordow Company against Mid-Valley Silk Company. The præcipe was issued April 11, 1938. The goods, consisting of a quantity of silk, were taken into possession of the sheriff and, no counter-bond having been filed, were duly delivered to plaintiff. The declaration in replevin was filed July 22, 1938, setting forth that plaintiff claimed both title and right to possession of the goods by virtue of the fact that it had sold the goods in question to Belmont Silk Company, a New York corporation, on the basis of certain representations made by Belmont Silk Company; that subsequently the representations made by the silk company proved to be false and fraudulent, on discovery of which Bordow Company rescinded the sale and notified Belmont Silk Company to that effect. In the meantime the silk had been sent to Mid-Valley Silk Company, within this county, for processing, and was in possession of Mid-Valley Silk Company at the time of the purported rescission of the sale as above set forth. Abraham Bordow, an officer of plaintiff, paid the throwster's lien due Mid-Valley Silk Company for processing the silk in question, and thereupon received an assignment of its lien, and on petition duly filed was authorized by this court to intervene as a party defendant for the protection of his lien. See our opinion dated August 24, 1938.

The interest of the present petitioner in this proceeding developed as follows:

On April 25, 1938, a suggestion of bankruptcy and the appointment of temporary trustees, under section 77*B* of the Bankruptcy Act of June 7, 1934, 48 Stat. at L. 911, for the Belmont Silk Company, in the United States District Court for the District of New Jersey, was filed in this court. From the suggestion it appeared that the trustees were appointed under section 77*B*, April 6, 1938. This suggestion was filed by counsel for the trustees. The counsel were Andrew Hourigan of the Luzerne County Bar, and T. A. Donahoe of the Lackawanna County Bar. Henry Hauser, petitioner herein, was one of the trustees mentioned in the suggestion.

On August 10, 1938, Henry Hauser, by other attorneys, Needle & Needle of this bar, filed a petition as trustee of the Belmont Silk Company to intervene in the present action, averring an interest in the controversy by saying that the goods seized on the premises of defendant were the property of Belmont Silk Company, which silk company, the petition to intervene set forth, filed its petition for reorganization under section 77*B* on March 30, 1938, which petition was followed by a restraining order issued by the United States District Court for the District of New Jersey, preventing all persons from instituting suit or taking other action as against the debtor corporation. This court, pursuant to the requests of the trustee, through his attorneys, immediately authorized the trustee to intervene as a party defendant.

Up to this point it appears that all parties interested in the controversy had entered general appearances and were prepared to prosecute their respective claims, but no affidavit of defense had been filed to the declaration in replevin.

On August 22, 1938, Henry Hauser, trustee of Belmont Silk Company, filed the petition now before the court, questioning the jurisdiction of this court to determine the replevin action and averring that jurisdiction was vested solely in the United States District Court for the District of New Jersey. The petition was filed under the Act of

March 5, 1925, P. L. 23, 12 PS §672, et seq. The petition averred that the silk in question was the property of Belmont Silk Company, which as aforesaid filed its petition for reorganization under section 77*B* on March 30, 1938; that on April 6, 1938, an order was made by the district judge for the United States District Court for the District of New Jersey approving the petition, appointing temporary trustees, and restraining all persons from prosecuting any claims or actions against the bankrupt, and by virtue of such facts claiming that the custody of the goods became vested in the United States District Court for the District of New Jersey, and that this court is without jurisdiction to determine the replevin action. To this petition plaintiff in the replevin action filed a responsive answer, stating that the title to the goods was in plaintiff for the reasons already referred to; that notice of the rescission of the sale had been sent to the Belmont Silk Company prior to the date it filed its petition for reorganization; and denying that the United States District Court for the District of New Jersey has any jurisdiction over the subject matter of this controversy for several reasons: First, that the trustee by action prior to the filing of this petition, both by the suggestion of bankruptcy and leave granted to it to intervene, has entered its appearance generally as a defendant and now cannot enter an appearance d. b. e. for the purpose of questioning jurisdiction; secondly, that the subject matter of the suit is the actual ownership and right to possession of the goods in question, which is claimed to be in plaintiff as against the trustee, the determination of which question can only be accomplished in a plenary suit, this action in replevin being a plenary suit to determine exactly that question.

The petition is not accompanied by any proof of the record of the proceedings in the United States District Court for the District of New Jersey, nor have any depositions been taken, but accepting the statements of the petition at their face value, we are of the opinion that the ju-

risdiction of this court in the replevin action cannot be successfully contested.

Under the Act of 1925, supra, the only questions to be decided are whether this court has jurisdiction over defendant or of the cause of action. Admittedly, this court has no jurisdiction over the trustee in bankruptcy unless the trustee submits itself to its jurisdiction, or leave is first obtained to sue the trustee from the proper United States court. But this action is not against the trustee; defendant is the Mid-Valley Silk Company, which is undoubtedly within the jurisdiction of this court and subject to its process. The trustee only appears at his own request, and we may doubt whether he is now in a position to question jurisdiction over the subject matter of the controversy after entering a general appearance and intervening by permission of this court. In other words, he is now in the anomalous position of asking permission to intervene as a party defendant and then claiming that the court has no jurisdiction over him. But the real question is whether or not the court has jurisdiction over the subject matter of the controversy.

Petitioner claims the jurisdiction of this court is prevented by reason of the restraining order issued by the United States District Court for the District of New Jersey on April 6, 1938, prior to the præcipe in this case, but the restraining order can only be effective if the goods in question were in the custody or possession of the bankrupt at the time it filed its petition for reorganization, or the date of approval of the petition and the appointment of trustees, or if the bankrupt on that date had title to the goods and the right to obtain possession from the bailee or factor. This is the very point at issue. The mere assertion of a claim to these goods does not establish either title or right to possession in the bankrupt or its trustees as against an adverse claim by another who claims title and right to possession. Since the goods were not in actual or constructive possession of the bankrupt, but were in fact in the hands of a bailee or factor, it is apparent that the

trustee has no more right to possession than any other claimant who believes he has a good title. If it should prove upon the trial that the title of plaintiff in replevin is not good and that title to the goods is actually in the trustee through succession to the interest of the bankrupt, the goods, even though in the hands of the plaintiff, may then come under the jurisdiction of the United States District Court for the District of New Jersey, and the delivery of goods to the trustee or other persons entitled thereto may be enforced through the process of that court. But since the claim of plaintiff herein is adverse to the claim of the right to possession by the trustee of the bankrupt, it cannot be said that as a matter of right on all the facts apparent from the pleadings herein the trustee has established any claim to these goods. In fact, his present position is that of a claimant of these goods, setting forth his own claim to title and asking this court to deliver the goods summarily to him as against an adverse claimant, without presenting any proof other than his own assertion that he has in fact title to the goods.

We have no quarrel with the principles of law set forth in the cases cited in petitioner's original and supplemental briefs, but not one of them is applicable to the present situation, since all of them were decided on the assumption that either title or right to possession was clearly in the bankrupt. In such event both the terms of the Bankruptcy Law and the decisions thereunder are to the effect that an adverse party cannot secure either title or possession of these goods otherwise than by proper reclamation proceedings in the bankruptcy court. But in no case cited to us is it decided that either the trustee or the bankruptcy court may claim or enforce claim to goods if both title and right of possession are in dispute in limine.

The controversy here is whether or not the bankrupt estate has any title or right to possession to goods actually out of its possession at the time of bankruptcy, and that question must be decided in this court.

Now, February 15, 1939, the rule to show cause why the proceedings filed to the above number and term should not be dismissed for want of jurisdiction of the Court of Common Pleas of Lackawanna County is discharged.